IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DELORIS SHARP                                                            PLAINTIFF

vs.                              Civil No. 6:16-cv-06116

NANCY A. BERRYHILL                                                      DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Deloris Sharp ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability application on December 16, 2013. (Tr. 14). In this application, Plaintiff alleges being disabled due to Grave's disease, fibromyalgia, anxiety, depression, memory problems, arthritis in her neck, severe pain in feet and legs, numbness and tingling in her arms, hip pain, generalized pain through the body, difficulty thinking, two ruptured discs in her neck, and vision problems. (Tr. 222). Plaintiff alleges an onset date of September 25, 2013. (Tr. 14). This application was denied initially and again upon reconsideration. (Tr. 76-112).

1

Plaintiff requested an administrative hearing on December 18, 2014. (Tr. 123). This request was granted, and Plaintiff's administrative hearing was held on August 28, 2015 in Hot Springs, Arkansas. (Tr. 32-75). At this hearing, Plaintiff was present and was represented by Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") William David Elmore testified at this hearing. *Id.* During this hearing, Plaintiff testified she was fifty-six (56) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (DIB). (Tr. 36). As for her education, Plaintiff testified she had completed high school and one year of college. (Tr. 38).

On November 17, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's DIB application. (Tr. 11-26). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 25, 2013, her alleged onset date. (Tr. 16, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: Grave's disease, degenerative disc disease of the cervical spine, fibromyalgia, temporomandibular joint dysfunction ("TMJ") with low facial spasms, and carpal tunnel syndrome. (Tr. 16-18, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18-19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally balance, climb, stoop, kneel, crouch, and crawl and can frequently reach, grasp, handle, and finger.

*Id.*

Considering her RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of her PRW. (Tr. 24, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 32-75).

Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as billing and posting clerk jobs (sedentary, semiskilled) with 225,000 such jobs in the nation and 2,000 such jobs in the State of Arkansas. (Tr. 25). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from her alleged onset date of September 25, 2013 through the ALJ's decision date of November 17, 2015. (Tr. 25, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 7-8). On October 13, 2016, the Appeals Council denied her request for review. (Tr. 1-4). On November 9, 2016, Plaintiff filed her Complaint in this action. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 11-12. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11 at 1-21. Specifically, Plaintiff argues the following: (A) the ALJ erred in evaluating Listings 11.00(c) and 1.02(B)(2)(C); (B) the ALJ erred by failing to give "proper weight" to the findings of her treating doctors; (C) the ALJ erred in evaluating Listing 14.09D; and (D) the ALJ erred in presenting his hypothetical to the VE. *Id.* The Court will address each of these arguments; however, because Plaintiff raises the Listings in her first and third arguments, the Court will address those arguments together.

    A.    **Listings**

Plaintiff claims her impairments meet the requirements of Listings 1.02(B)(2)(C), 11.00(c), and 14.09D. ECF No. 11 at 1-17. Plaintiff has the burden of demonstrating her impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met her burden of demonstrating her

5

impairments meet the requirements of any of these Listings.

For example, Plaintiff first references Listing 1.02. Listing 1.02 requires a demonstration of a "gross anatomical deformity." Such a deformity includes "subluxation, contracture, bony or fibrous ankylosis, instability." In the present action, Plaintiff has not provided which "gross anatomical deformity" she has that meets one of these requirements. Second, Listing 11.00(c) covers general neurological disorders and is an overview that applies to epilepsy and related listings. Plaintiff has not demonstrated how her impairments meet these requirements.

Third and finally, Listing 14.09D applies to "inflammatory arthritis." Plaintiff claims her fibromyalgia meets the requirements of this listing. ECF No. 11 at 15-17. The ALJ found her impairments did not meet the requirements of this listing because (among other things) she had not demonstrated a marked limitation in "activities of daily living." (Tr. 19). Such a demonstration is required for a claimant to establish he or she meets the requirements of Listing 14.09D. Notably, the ALJ found Plaintiff was "the primary caregiver for her elderly mother" which demonstrates Plaintiff *does not* suffer from a marked limitation in this area of functioning.

Without more, the Court simply cannot find Plaintiff has met her burden of demonstrating her impairments meet the requirements of these listings. Thus, the Court will not address these listings further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that the ALJ failed to consider whether claimant met the listings because the claimant provided no analysis of relevant facts or law regarding the listings).

**B.     Treating Physicians**

Plaintiff claims the ALJ erred in discounting the findings of her four treating neurologists. ECF No. 11 at 14-15. In making this bare claim, Plaintiff provides *no specific examples* of findings

that the ALJ improperly discounted. *Id.* Further, despite Plaintiff's claim, the ALJ in his opinion painstakingly evaluated her medical records. (Tr. 19-24). After considering this analysis and the ALJ's RFC determination, the Court cannot find a basis for reversal on this issue.

### C. Hypothetical to the VE

Plaintiff claims the ALJ erred in presenting his hypothetical to the VE. ECF No. 11 at 17-20. Specifically, Plaintiff claims the ALJ should have included limitations due to dystonia, carpal tunnel syndrome, and a number of other impairments. *Id.* Upon review of this claim, all of Plaintiff's actual alleged limitations due to these diagnoses and impairments were from Plaintiff's *subjective* allegations made to her physicians or at the administrative hearing in this matter. *Id.* Indeed, as Plaintiff herself stated repeatedly, those were her "described" limitations. *Id.*

In his opinion in this matter, the ALJ fully evaluated Plaintiff's subjective complaints. Notably, the ALJ found (as stated above) Plaintiff's daily activities included being the primary caretaker for her elderly mother and having the ability to do a wide variety of daily activities (including doing laundry, dishes, vacuuming, mopping, spot cleaning, and shopping two to three times per week).

Thus, the Court finds no basis for reversing the ALJ's evaluation of Plaintiff's subjective complaints. Accordingly, the Court also finds no basis for finding these limitations should have been incorporated in the ALJ's hypothetical to the VE. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2004) (recognizing the court should "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of January 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE